**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Curt-Allen Sigler, et al., | Case No. 18-cv-2593 (MJD/LIB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Stearns County, et al, | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, upon Plaintiffs Curt-Allen Sigler and Dawn Frank's (hereinafter collectively "Plaintiffs") "Statement of Truth and Facts," [Docket No. 1]; Plaintiffs' Jurisdictional Statement, [Docket No. 2]; Plaintiffs' Claim Statement, [Docket No. 3]; and Plaintiffs' Application to Proceeds in forma pauperis. [Docket No. 4].

For the following reasons, the Court recommends that this action be dismissed without prejudice.

The gravamen of the issues in Plaintiffs' filings is that numerous entities conspired to—among other things—prevent Plaintiffs from securing their rightful title in a motor home, prevent Plaintiffs from receiving or sending materials through the U.S. mail, bar Plaintiffs from pursuing various claims in court, and retaliate against Plaintiffs because of Plaintiffs' efforts to obtain the motor home title. (See, gen. Statement of Truth and Fact, [Docket No. 1], at 1–5; Claim Statement, [Docket No. 3], at 1–3). After review of Plaintiffs' application to proceed *in forma pauperis*, this Court concludes that Plaintiffs qualify financially for IFP status.

That being said, however, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Carter v. Schafer, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in Plaintiffs' favor. See, Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

A series of problems with Plaintiffs' claims leads this Court to recommend the action's dismissal.[1] First, Plaintiffs includes Stearns County and the law firm of "Franz, Hultgren Evenson" as Defendants, but nothing in Plaintiffs' filings specifically articulates what these Defendants are being alleged to have done wrong. There are simply no factual assertions from

---

[1] Plaintiffs did not file a singular document which appears to be their Complaint. Instead, Plaintiffs appear to have spread their allegations across sever documents. (See, Statement of Truth and Facts [Docket No. 1]; Jurisdictional Statement [Docket No. 2]; Claim Statement [Docket No. 3]). The Court will construe these documents in Plaintiffs' favor to be Plaintiff's operative Complaint.

which this Court can reasonably construe any allegedly improper conduct by these Defendants. Plaintiffs' filings thus do not state a plausible claim to relief as to these two Defendants. See, Twombly, 550 U.S. at 555.

Next, Plaintiffs' filings discuss actions by various state court judges presiding over litigation involving Plaintiffs. (See, e.g., Statement of Truth and Fact, [Docket No. 1], at 2–5; Claim Statement, [Docket No. 3],at 1–3).[2] Plaintiffs cannot sustain claims based on such actions. Judges are protected by absolute immunity for their judicial actions. See, e.g., Pierson v. Ray, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ."); Stump v. Sparkman, 435 U.S. 349, 355–56 (1978). It is not always clear from Plaintiffs' filings what specific wrongful acts Plaintiffs are alleging about the relevant judges, but the conduct described in Plaintiffs' filings appears to be actions the judges took within their judicial capacities. Plaintiffs' do not appear to allege otherwise. Claims against those Defendants cannot proceed based on the factual allegations in Plaintiffs' filings. See, Pierson, 386 U.S. at 553–54.

Plaintiffs also name as a Defendant the Stearns County Clerk of Court. Unlike judges' broad absolute immunity, "[c]lerks are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule." Geitz v. Overall, 62 Fed. App'x 744, 746 (8th Cir. 2003) (citing cases). Aside from conclusory, cursory assertions that the Stearns County Clerk of Court conspired with others to engage in various wrongs, the only allegations of wrongdoing by the Clerk of Court appear in Paragraph 10 of the Statement of Truth and Fact and Paragraph 6 of the Claim Statement. (Statement of Truth and

---

[2] Regarding Judge Sherrer, the Court has not found any relevant allegations in Plaintiffs' filings, and so—just as with Stearns County and "Franz, Hultgren Evenson"—Plaintiffs' filings fail to state a plausible claim to relief.

3

Fact, [Docket No. 1], at 2; Claim Statement, [Docket No. 3], at 3). Plaintiffs suggest that because a state court judge ordered that RV Horizons owned a particular mailbox, the Stearns County Clerk of Court began "giving out the returned US Mail of [Plaintiffs] to unknown peoples." (Statement of Truth and Fact, [Docket No. 1], at 2–3; Claim Statement, [Docket No. 3],at 2–3). Even taking their allegations as true, Plaintiffs' own discussion indicates that the Clerk's relevant conduct was something being done at a judge's direction. As a result, the Stearns County Clerk of Court has absolute immunity for the actions described in Plaintiffs' filings.

The remaining Defendants are RV Horizons Inc., the alleged owners of the trailer park that is the site of the disputed motor home; Paul Neumann, identified by Plaintiffs as an agent of RV Horizons; and Aaron Decker, an attorney representing Neumann. Many of Plaintiffs' claims against RV Horizons, Neumann, and Decker are state law claims. (See, e.g., Claim Statement, [Docket No. 3], at 1–3) (accusing Defendants of, among other things, theft, slander, libel, and breach of contract). The exceptions are Plaintiffs' claims about interference with the U.S. mail and about alleged constitutional rights violations, but Plaintiffs fail to state a cause of action for either of these ostensibly federal causes of action.

With respect to the U.S. mail related claims, Plaintiffs fail to provide a statutory basis for the claims. There are roughly analogous federal criminal statutes. See, 18 U.S.C. § 1701 (criminalizing obstruction of mail); Id. at § 1702 (criminalizing obstruction of correspondence); Id. at § 1708 (criminalizing theft or mail and receipt of stolen mail). However, these statutes do not provide a private right of action. See, Hussein v. Sessions, No. 16-cv-780 (SRN/SER), 2017 WL 1954767, at *5 (D. Minn. May 10, 2017) ("[Section] 1708 does not give rise to a private right of action . . . ."), aff'd, 715 Fed. App'x 585 (8th Cir. 2018); see also, Carpenter v. Garland Cty. Prob. & Parole Staff, No. 07-cv-6072, 2008 WL 276352, at *4 (W.D. Ark. Jan. 30, 2008)

4

(finding no private right of action for § 1701 violations); Schowengerdt v. Gen. Dynamics Corp., 823 F.2d 1328, 1340 n.20 (9th Cir. 1987) (suggesting that § 1702 does not give rise to a private right of action); Rodriguez v. Hemit, No. C16-778 RAJ, 2018 WL 3618260, at *4 (W.D. Wash. July 30, 2018) (same, as to § 1701 and § 1702). The Court thus recommends dismissal of Plaintiffs' U.S. mail related claims as to RV Horizons, Neumann, and Decker.

As for Plaintiffs' claims that RV Horizons, Neumann, and Decker violated Plaintiffs' constitutional rights, Plaintiffs again do not point to any statute upon which they base their claims, though such claims are most fairly interpreted as being brought pursuant to 42 U.S.C. § 1983. However, RV Horizons, Neumann, and Decker are all private actors, not state actors, and "[o]nly state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)); see also, Ams. United for Separation of Church and State v. Prison Fellowship Ministries, Inc., 509 F.3d 406, 421 (8th Cir. 2007) ("'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted)). Plaintiffs cannot bring claims against these private Defendants under § 1983, so the Court recommends dismissal of those claims.

What remains after this discussion is Plaintiffs' state law claims against RV Horizons, Neumann, and Decker. However, these claims, standing alone, cannot support federal jurisdiction over this suit.[3] Having recommended dismissal of all claims over which the Court

---

[3] Contrary to Plaintiffs' assertion, diversity jurisdiction under 28 U.S.C. § 1332 does not exist here. Diversity jurisdiction requires "complete diversity of citizenship of the litigants," meaning that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoting OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007)). Here, Plaintiffs are Minnesota citizens, (see, Claim Statement, [Docket No. 3], at 5) (listing Plaintiffs' address), as are Defendants Neumann and Decker. (See, Cover Page, [Docket No. 1-2], at 2). Therefore, complete diversity is lacking.

has original jurisdiction, the Court further recommends declining any exercise of supplemental jurisdiction over Plaintiffs' remaining state law claims. See, Parkview Homes, LLC v. City of Lexington, No. 15-cv-3692 (SRN/BRT), 2017 WL 758573, at *5 (D. Minn. Feb. 27, 2017) ("[A] court may decline to exercise supplemental jurisdiction where it 'has dismissed all claims over which it has original jurisdiction.' . . . 'In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting 28 U.S.C. § 1367(c)(3); Wilson v. Miller, 821 F.3d 963, 970–71 (8th Cir. 2016)).

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. The application to proceed *in forma pauperis* of Plaintiffs Curt-Allen Sigler and Dawn Frank, [Docket No. 4], be **DENIED**.

Dated: October 4, 2018                    s/Leo I. Brisbois
                                          Leo I. Brisbois
                                          United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).